## UNITED STATES

v.

## Captain William L. ROHRIG, 507–56–5024 FR, United States Air Force.

## ACM 24616.

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Sept. 1984.

Decided 25 Jan. 1985.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

### DECISION

PER CURIAM:

The accused was convicted, in accordance with his pleas, of filing a fraudulent claim. The approved sentence extends to a dismissal from the service, confinement at hard labor for three months and forfeiture of $300 per month for five months. The sentence, both as to confinement and forfeitures, was remitted by the convening authority.

We note that the accused in his AF Form 304, Request for Appellate Defense Counsel, expressly declined to request appellate defense counsel to represent him, and attempted to waive his right to appellate review. Article 61, U.C.M.J., 10 U.S.C. § 861. He added to the above cited form:

I do not desire any appellate action taken in regard to my case. I desire to accept my dismissal from the service. It is necessary for the best interests of my family that my ties with the service be severed as soon as possible. This election on my part has been made after consultation with my civilian counsel of record and my military counsel.

Article 61, U.C.M.J. does allow an accused, in certain situations, to waive his right to have his appeal heard by this Court. R.C.M. 1110 provides the procedural guidance as to how such a waiver will be processed. In both these provisions, there is a requirement that the accused consult his counsel before he decides to waive these rights, and further, both the accused and his counsel must sign the waiver. R.C.M. 1110(d)(4). To facilitate an ac-

cused's waiver, a standard form, D.D. Form 2330, has been provided. M.C.M., 1984, Appendix 19. Although the use of this form is not mandated, all purported waivers which do not substantially comply will be considered to be ineffective. R.C.M. 1110(g)(4).

█ Here, the accused did not utilize the prescribed format. He did not secure the signature of his counsel on the form, and, as a result, we conclude that his waiver of appellate rights was ineffective. We, therefore, have considered this case under Article 66, U.C.M.J., 10 U.S.C. § 866. Having so considered the case, we find that the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.